***********
The Full Commission entered its Opinion and Award in this matter on May 15, 2003, in which the Commission found there to be no good grounds upon which to set aside a Compromise Settlement Agreement (CSA) approved by the Commission by former Deputy Commissioner Richard Ford on May 31, 2001, and amended by Order of Deputy Commissioner Bradley Houser on October 17, 2001. The Court of Appeals, upon review of the plaintiff's appeal from the Full Commission, held that the settlement agreement failed to meet the requirements of Industrial Commission Rule 502 (2)(h), and found:
 Here, the face of the compromise settlement agreement indicates that plaintiff had not returned to work for the same or greater wages and it is undisputed that plaintiff was unrepresented when she entered the agreement in May 2001. Thus, [the] more specific requirements of [Industrial Commission] Rule 502(2)(h) apply to the agreement here. However, the settlement agreement here does not contain any of the information required under Rule 502(2)(h). It contains no mention of plaintiff's age, educational level, past vocational training, or past work experience . . . [T]his Court held in Atkins that it is impermissible for the Commission to determine that a settlement agreement was `fair and just' without medical *Page 2 
records required by Rule 503. 154 N.C. App. At 514, 571 S.E.2d at 867. Likewise, we conclude that [it] is impermissible for the Commission to make a determination regarding the fairness of a settlement agreement without the information required by 502(2)(h).
Based upon the Opinion of the Court of Appeals, the defendant contends that the parties can comply with Rule 502(2)(h) by submitting to the Commission the medical records of the plaintiff as well as information regarding the plaintiff's vocational and educational history and, upon receipt of such documents, the Commission can then review the settlement agreement reached by the parties. However, the Full Commission finds that even if the parties were to submit such documentation, the Commission could not then properly review the settlement agreement because the Court of Appeals has found that the settlement agreement is invalid and fails on its face due to the fact that "[i]t contains no mention of plaintiff's age, educational level, past vocational training, or past work experience" as required by Rule 502(2)(h). Thus, in accordance with the directive of the Court of Appeals, the Full Commission finds that the proper course of action is to vacate the Orders approving the invalid settlement agreement, and return the parties to their status at the time prior to the execution of the agreement.
The Full Commission notes that an Order Approving Settlement Agreement was submitted to the Commission and, the parties agree, was approved in error by the Commission on July 6, 2005. Thus, the Commission finds it is also proper to vacate the July 6, 2005, Order Approving Settlement Agreement.
 * * * * * * * * * * * ORDER
In accordance with the May 17, 2005 Opinion of the Court of Appeals in this matter, IT IS HEREBY ORDERED that: *Page 3 
 1) The initial settlement agreement approved by former Deputy Commissioner Richard Ford on May 31, 2001, and the amended settlement agreement approved by Deputy Commissioner Bradley Houser on October 17, 2001, are VACATED;
 2) The July 6, 2005 Order Approving Settlement Agreement was entered in error and is VACATED;
 3) Because the settlement agreement at issue was found to be invalid, this matter is returned to active claim status and the defendants shall reinstate the plaintiff's total disability benefits effective May 31, 2001;
 4) The defendant shall receive a credit in the amount of $24,000.00, the sum paid to the plaintiff pursuant to the vacated settlement agreement;
 5) The plaintiff's counsel shall receive an attorney's fee in the amount of twenty-five percent (25%) of all benefits accrued to date and continuing, which shall be paid directly to the plaintiff's counsel.
This 3rd day of February 2006.
S/___________________ CHRISTOPHER SCOTT COMMISSIONER